By the Court.—Ingraham, J.
The court found, as a fact, that the trespass committed by the defendants has diminished the rental value of the plaintiff’s premises from the 16th day of March, 1882, to the time of the trial, and that the damages to the plaintiff for such diminution was the sum of $5,198.
This finding is sustained by the evidence and justifies the conclusion of law that the plaintiff is entitled to judgment against the defendants for that sum. The court also found at the request of the defendant as follows: “ Thirty-first: The evidence does not establish any definite amount of damage for which any judgment can be rendered.” And it is now claimed by the appellant that this finding is inconsistent with the findings before mentioned, and for that reason the judgment should be reversed. But it is clear, that this 31st finding does not state a fact. By section 1022 of the Code, the decision of the court on a trial without a jury must state the *411 facts found and the conclusions of law separately. As to what the evidence does or does not establish is a conclusion and not a fact. The fact as to the amount of damage was found, and if the 31st finding above cited is of any effect at all, it is as a conclusion of law, and it is clearly erroneous, it cannot affect or overrule the correct conclusion of law, that the plaintiff was entitled to a judgment for the amount of the damage that the court finds, as a fact, was sustained by the plaintiff in consequence of the trespass.
No principle requires us to reverse a judgment because of inconsistent conclusions of law when the judgment directed to be entered is in accordance with the correct conclusions of law on the facts found.
The trial judge refused to • find, as a fact, that the plaintiff’s access to the premises had not been interfered with, stating as his reason therefor: “I refuse to so find as the plaintiff will not recover for interference with access.”
We think the facts justified such a refusal, and we cannot reverse the judgment because of the reason assigned by the trial judge for the refusal to find one of the defendants’ requests, especially where he has found the facts covered by the request, and such finding, as made, is sustained by the evidence.
Nor do we think that the terms on which the defendants can acquire the interests of the plaintiff in the easement should be modified. The condition that the injunction should not be operative on the payment of the value of the easement is for the benefit of the defendants. They are not bound to avail themselves of its provisions. The interest that the plaintiff has in the easement appropriated by the defendants is the right to use such easement for the unexpired term of the lease, and the court fixed the value of such use of the easement for such *412 unexpired term and provided for a conveyance to the defendants.
It is not certain that plaintiff will accept a renewal of the lease or will have any interest in the easement after his present term has expired. The defendants cannot complain because the court fixed the value of the easement too low, or because the court refused to compel the defendants to pay for the value of the use of the easement for a future period, but left the rights of the parties to,be settled by a new action in case it should subsequently appear that a continuance of the trespass would cause future injury to the plaintiff’s rights.
These are the only exceptions which the appellants present to us as requiring a reversal of the judgment, and we think none of them well taken.
The judgment should, therefore, be affirmed with costs.
Fbeedman, J., concurred.